## W. H. CUNDIFF, ADM'R, v. S. A. SIMPSON.

1—A creditor of an estate holding a note against it, which is secured by mortgage, is not bound to present both note and mortgage to the administrator for approval. The note, and not the mortgage, is the "claim for money," which is required to be presented to the administrator.

2—If, however, the evidence of the indebtedness and the security for its payment are contained in the same instrument, then, of course, the entire contract must be presented. But, even in that case, the "claim" to be considered by the administrator would consist of the evidence, and not of the security.

APPEAL from Houston. Tried below before the Hon. Samuel L. Earle.

Suit by the appellee against the appellant, as administrator of Jesse Duren, deceased, on two notes, amounting to about $1900, secured by mortgage on real estate described in the petition. Prayer for foreclosure and general relief.

*Stewart & Nunn*, for appellant, cited Robertson v. Paul, 16 Texas, 475; Paschal's Dig., Arts. 1310, 1311.

*S. A. Miller* and *S. P. Donley*, for appellee, cited Danzey v. Swinney, 7 Texas, 617; Dunn v. Sublett, 14 Texas, 521.

MORRILL, C. J.—Is it necessary for the owner and holder of a note due from and by an estate of a deceased person, to secure

the payment of which a mortgage is also held by the payee and owner of the note, to present both note and mortgage to the administrator of the succession for approval?

We believe that the statutes of the State fully answer this question in the negative. The claims that are required to be presented to the administrator are claims for money. Art. 1307 states that every claim for money against a testator or intestate shall be presented, etc. Art. 1309 provides that no executor or administrator shall allow any claim for money, unless such claim is accompanied by an affidavit that the claim is just, etc. Art. 1310 prohibits the holder of any claim for money from bringing suit thereon, unless the claim has been properly presented, etc. Article 1319 provides that any creditor of the estate of a deceased person, holding a claim secured by a mortgage or other lien, which *claim* has been allowed and approved or established by suit, may obtain, at a regular term of the court, from the Chief Justice of the county, an order for the sale of the property upon which he has such mortgage or lien, by making his application in writing and having a copy thereof served upon the executor or administrator, with a citation requiring him to appear and answer such application.

Here is clearly stated the distinction between the "*claim for money*" and the mortgage based upon the claim, and it is equally evident that the mortgage is regarded as an incident to the claim. Whenever the evidence of indebtedness and the security for the payment of this indebtedness are so blended as to constitute one instrument in writing, then, as a matter of course, the entire contract would be required to be presented; but in that case the claim only, or amount due in money, would be the only question to be decided by the administrator. The Probate Judge, and not the administrator, has jurisdiction relative to the mortgage.

There have been numerous decisions by this court upon the question here presented, and all to the same effect. The judgment is affirmed.

Affirmed.